IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:19cr22-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **MOTION FOR** |
| v. ) | **PRELIMINARY ORDER OF** |
| ) | **FORFEITURE** |
| (1) GREG E. LINDBERG, ) | |
| (2) JOHN D. GRAY. ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, pursuant to Fed. R. Crim. P. 32.2(b), and submits this Motion for Preliminary Order of Forfeiture for the following funds ("the Funds") that the Federal Bureau of Investigation ("FBI") seized during the investigation of this matter:

- Approximately $979,128.63 in funds seized from a Wells Fargo Bank Account ending in 0809, such account held in the name of North Carolina Growth and Prosperity Alliance Inc.; and

- Approximately $475,629.82 in funds seized from a Wells Fargo Bank Account ending in 0817, such account held in the name of North Carolina Growth and Prosperity Committee Inc.

Defendants set-up and controlled the entities that held the Funds, opened Wells Fargo accounts in the names of the entities, and funded the accounts of the entities for the express purpose of bribing the North Carolina Commissioner of Insurance and hiding the source of funds used to bribe the Commissioner. Therefore, as set forth more fully herein, the Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property that constitutes or is derived from proceeds of the conspiracy charged in Count One and the bribery charged in Count Two of the Indictment (Doc. 3).

## I. BACKGROUND

On March 18, 2019, a Grand Jury returned an Indictment (Doc. 3) against Defendants Greg Lindberg, John Gray, John Palermo, and Robin Hayes. The Indictment detailed a scheme by the conspirators to bribe the North Carolina Insurance Commissioner so that he would remove a staff member who was overseeing investigation of Lindberg's insurance companies. The Indictment alleged conspiracy to commit honest services wire fraud by all defendants in violation of 18 U.S.C. § 1349 as set forth in Count One, bribery by all defendants in violation of 18 U.S.C. § 666 as set forth in Count Two, and false statements by Hayes in violation of 18 U.S.C. § 1001 as set forth in Count Three.

Defendant Hayes pled guilty (Docs. 70 and 72) to the false statements offense. Defendants Lindberg, Gray, and Palermo elected trial. At trial, the Jury returned a Verdict (Doc. 193) of not guilty as to Palermo and returned guilty verdicts on Count One conspiracy and Count Two bribery by Lindberg and Gray.

The Indictment contained a section captioned, "Notice of Forfeiture and Finding of Probable Cause," wherein the Grand Jury found probable cause for forfeiture of the Funds. Upon Indictment and prior to trial, the United States had established probable cause for issuance of Seizure Warrants (WDNC Case 3:19MJ102) for the Funds and law enforcement had seized the Funds.

At trial, the Court admitted recorded conversations involving the conspirators, testimony, and documentary evidence on the conspirators' plan to create entities with some level of anonymity to hold the Funds provided by Lindberg and to then use the Funds to bribe the Commissioner to remove an employee overseeing investigations of Lindberg's companies. *See,*

2

*e.g.,* Exs. 47, 48, 60, 66, 67, 114a, 115a, 116a, 117a, 118a, 119a, 120a, 121a, 123a. Indeed, Defendant Gray noted in a recorded conversation that, although another individual would be in-charge of the entities on paper, Defendants Gray and Lindberg would direct the entities and the entities would provide anonymity as to the source of the moneys directed to the Commissioner. Ex. 118a at Page 7 (Defendant Gray discussing the entities with the Commissioner, and noting of the chair of the entities, "She's gonna be there, but she will be there subject, and this stays in this room, subject to direction from Greg and from me.") and Ex. 121a (Defendant Gray noting to the Commissioner and Defendant Lindberg, "Um, what we are trying to do is avoid disclosure [ . . . . ] You know, we're trying, we're trying to stay anonymous on the source of the money."). On June 7, 2018, when Palermo sent an email to Defendant Lindberg and confirmed that the North Carolina Growth and Prosperity Alliance and North Caroline Growth and Prosperity Committee were incorporated, Lindberg replied via email that he would "cut the checks tonight." Ex. 68. Thereafter, the Funds were deposited, in the form of a $500,000 check and a $1,000,000 check from Lindberg, into the accounts from which the FBI ultimately seized the Funds.[1] Exs. 69 and 70. Palermo confirmed via email to Lindberg and Gray that the funds were deposited and that, "[i]n essence, for your conversations with [the Insurance Commissioner], the 2 entities are ready to go." Ex. 71.

At the end of the trial and before the Jury rendered its Verdict, Defendants waived their statutory right for the Jury to decide the issue of forfeiture of the Funds. Therefore, the issue of forfeiture is appropriately before this Court on this Motion.

---

[1] By the time of seizure, some of the initial $1,500,000 in funds deposited had been withdrawn or spent, and thus, the seized Funds amounted to less than $1,500,000.

## II. LEGAL ARGUMENT

Title 18 provides that any person who is convicted of violating the conspiracy and bribery statutes at-issue in this case shall forfeit to the United States any property which constitutes or is derived from proceeds traceable to such violations. 18 U.S.C. §§ 981(a)(1)(C) (forfeiture of proceeds of "'specified unlawful activity' (as defined in section 1956(c)(7) of this title)" and conspiracy to commit same), 1956(c)(7)(D) and (A) (defining "specified unlawful activity" as an act in violation of 18 U.S.C. § 666 and an act constituting an offense in violation of Section 1961(1)), and 1961(1)(B) (listing an 18 U.S.C. § 1343 wire fraud offense as an offense in violation of Section 1961(1)); 28 U.S.C. § 2461(c) (rendering criminal forfeiture applicable whenever civil forfeiture is authorized); *see also United States v. Nagin,* 810 F.3d 348, 352 (5th Cir. 2016) (discussing applicability of Sections 981(a)(1)(C) and 2461(c) in the context of a bribery money judgment forfeiture).

Courts use a nexus test to determine whether assets constitute or are derived from proceeds. *United States v. Farkas*, 474 Fed. Appx. 349, 359 (4th Cir. 2012), *citing*, *Libretti v. United States*, 516 U.S. 29 (1995) and *United States v. Cherry*, 330 F.3d 658, 669-70 (4th Cir. 2003). In the context of an offense involving bribery, whereby defendants pay the proceeds *to* another as opposed to *receive* proceeds, a nexus is established if the funds were directed towards or traceable to the offense. *See United States v. $13,500 in U.S. Currency,* 2008 WL 5191209, *4 (W.D. Tenn. Dec. 10, 2008) (discussing civil forfeiture for bribery offense); *see also Farkas*, 474 Fed. Appx. at 359-60 (4th Cir. 2012) (discussing the "but for" test applicable in forfeiting funds that a defendant would not have but for the crimes); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 712 (E.D. Va. 2005) (same); *cf. United States v. Davis*, No. 3:15CR76, Order of Forfeiture at Doc. 51, p. 2

4

(W.D.N.C. Aug. 6, 2015) (discussing preliminary order of forfeiture in murder-for-hire case), *citing*, *$13,500*, 2008 WL at *4. Further, a defendant may not shield himself from criminal forfeiture in a bribery case by use of a corporation. *See United States v. Simmons*, 154 F.3d 765, 771-72 (8th Cir. 1998) (declining to shield defendant from forfeiture where corporations were used by defendants to perpetuate bribery)

The Government's burden of proof on forfeiture is preponderance of the evidence. *Cherry*, 330 F.3d at 669; *United States v. Tanner*, 61 F.3d 231, 233 (4th Cir. 1995). The Court's "determination may be based on evidence already in the record, including [ . . . ] any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also Farkas*, 474 Fed. Appx. at 360. The Government may satisfy the preponderance burden by both direct and circumstantial evidence. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007).

Here, the Government has proven a nexus by a preponderance of the evidence. Specifically, the record includes recorded discussions about the conspirators setting-up independent expenditure committees for the express purpose of hiding the source of bribes and funneling bribes to the North Carolina Commissioner of Insurance. Further, as described above, the trial record includes discussions whereby Mr. Palermo relayed to Defendants Gray and Lindberg that he had set up the committees and the conspirators confirmed that Lindberg had used $1.5 million to fund Wells Fargo accounts of the committees. Finally, the record includes bank documents themselves, reflecting the deposit of $1.5 million from Lindberg to the accounts from which law enforcement ultimately seized the Funds.

This record, coupled with (1) the Grand Jury finding of probable cause for forfeiture of

Funds; (2) Seizure Warrants and Affidavit; and (3) the guilty Verdicts is more than sufficient to establish nexus.

WHEREFORE, the Government respectfully requests that this Court issue a Preliminary Order of Forfeiture in the form submitted herewith against the Funds.

Respectfully submitted, this, the 13th day of March, 2020.

> R. ANDREW MURRAY
> UNITED STATES ATTORNEY
>
> **s/ Benjamin Bain-Creed**
> Florida Bar # 0021436
> Assistant United States Attorney
> Suite 1650, Carillon Building
> 227 West Trade Street
> Charlotte, North Carolina 28202
> Telephone: (704) 344-6222
> Facsimile: (704) 344-6629
> Email: benjamin.bain-creed@usdoj.gov