IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Docket No. 5:19-cr-22-MOC-DSC

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )
                           )   **REPLY TO MOTION FOR RELIEF FROM JOINDER**
v.                         )
                           )
                           )
JOHN D. GRAY,              )
                           )
        Defendant.         )
_____)

COMES NOW Defendant John D. Gray, by and through undersigned counsel, and hereby submits his reply to the Government's Response in Opposition to Motion for Relief from Prejudicial Joinder [Doc. 387]. As grounds therefore, Defendant states as follows:

Argument and law regarding the first basis for severance – antagonistic defenses between the two Co-Defendants – has been fully briefed and Defendant Gray relies upon the law cited in his Memorandum in Support of his Motion for Relief from Prejudicial Joinder [Doc. 385-1]. However, in responding to the second basis for relief – prejudice arising from Defendant Lindberg's fraud indictment – the Government has illustrated the heart of the problem.

In its Response, the Government asserts that the alleged financial misconduct by Defendant Lindberg is "directly related" to Defendant Gray in that it "provides a motive for ***both*** defendants in this case, including Gray, to bribe Commissioner Causey to replace the senior regulator overseeing Lindberg's companies." Gov. Response [Doc. 387] at p.12 (emphasis in original). In order for the Government to be able to argue such a motive existed, it would

necessarily have to present evidence that Defendant Gray knew of the alleged financial fraud. Specifically, the Government would be required to present evidence that Gray knew of the structure of Defendant Lindberg's companies, knew about inter-corporate loans, knew about personal benefits conveyed to Lindberg, and any number of other the alleged facts set forth in the indictment of that other matter, **and** that Gray somehow stood to benefit from concealing these alleged facts by bribing Commissioner Causey.

The problem with such an approach is two-fold. First, to prove motive in such a way would require a "trial within a trial," a situation both counsel and the Court can agree is undesirable. Second, this approach assumes Gray and Lindberg are co-conspirators in the far-reaching and complex fraud indictment, even though Gray is not a defendant in that proceeding and even though his name is not once mentioned in that case's pleadings. To the extent the Government seeks to impute Lindberg's potential motive upon Gray, which they clearly do, Defendant Gray would then face pressure to prove he was *not* involved. Doing so would be unduly prejudicial.

In short, there is no evidence that Defendant Gray was aware of, much less participated in, any fraudulent misconduct related to Lindberg's corporate business dealings. In a separate trial against Defendant Gray alone, such speculative evidence of motive would never be admissible. Should severance not be granted, Gray will be required to defend himself against these allegations of motive. This would abridge his right to present an individual defense and result in an unfair trial.

Wherefore, Defendant Gray respectfully moves this Court to order his trial severed from the trial of Greg Lindberg.

This the 18th day of April, 2024.

BARBOUR SEARSON JONES & CASH, PLLC

**s/Stephen L. Cash**
BY: Stephen L. Cash
NC State Bar No. 39101
21 Battery Park, Suite 205
Asheville, NC 28801
Email: steve@lawyersasheville.com
Telephone: (828) 252-5555
Facsimile: (828) 232-9158

Devereux & Banzhoff, PLLC
Suite 1100, Jackson Building
22 South Pack Square
Asheville, NC 28801
828-285-9455
sdevereux@dblawoffices.com

By: **s/Sean Devereux**
Sean P. Devereux
North Carolina State Bar Number 7691

*Attorneys for Defendant John D. Gray*

## CERTIFICATE OF SERVICE

I do hereby certify that on this date I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

THIS the 18th day of April, 2024.

/s/Stephen L. Cash
Stephen L. Cash