UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cr-22-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GREG E. LINDBERG, | ) | |
| JOHN D. GRAY, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendant John Gray's Motion to Sever (Doc. No. 385), the Government's Response (Doc. No. 387), and Defendant's Reply (Doc. No. 402). Having considered the parties' arguments, the Court enters the following findings, conclusions, and Order denying severance.

**FINDINGS AND CONCLUSIONS**

**I.   Background**

On March 18, 2019, a federal grand jury returned a true bill of indictment charging Defendants Gray and Lindberg each with a violation of 18 U.S.C. § 1349, for conspiring to commit honest services wire fraud (Count One), and a violation of 18 U.S.C. § 666, for federal programs bribery (Count Two). (Doc. No. 3).

The case was tried in February 2020, the jury returning a verdict of guilty on both counts as to Gray and Lindberg.[1] Following sentencing, both defendants appealed. On June 29, 2022,

---

[1] Before trial, Defendant Robin Hayes pleaded guilty to a violation of 18 U.S.C. § 1001. Defendant John Palermo was acquitted at trial.

1

the Fourth Circuit Court of Appeals issued an opinion reversing defendants' convictions and remanded the case for a new trial, issuing its mandate on July 6, 2022. (Doc. Nos. 321, 325).

On August 29, 2022, this Court held a status conference to address scheduling the retrial of this matter. (Doc. No. 345). During the status conference, the parties and the Court addressed the status of counsel for Gray, among other issues. (Id.). Thereafter, on December 30, 2022, with the consent of the Government and Lindberg, Gray moved to continue the trial date, then set for the Court's March 2023 criminal term. (Doc. No. 355). Through supplemental pleadings, the parties asked the Court to set the retrial of this matter for November 2023, and the Court agreed. (Doc. Nos. 357, 358).

Over seven months later, and two and half months before the then-scheduled retrial, then-counsel for Gray moved to withdraw on August 17, 2023. (Doc. No. 364). The Government initially opposed the motion to withdraw but ultimately withdrew its opposition. (Doc. Nos. 367, 376). Current counsel for Gray filed their notices of appearance on September 26, 2023, and again moved to continue the trial date on October 4, 2023. The Government and Lindberg did not oppose, and the case was set for its currently scheduled re-trial date of May 6, 2024.

On March 25, 2024, Gray filed the instant Motion to Sever. In his motion, Gray claims that public statements by Lindberg following the first trial indicate a possibility that Lindberg will defend himself by telling the jury that he relied on his advisers to provide him with good counsel, and if he did anything wrong it is because he relied on them, not because he intended to commit a crime. (Doc. No. 385-1 at 2–3). Gray claims this amounts to "antagonistic" defenses that warrant a severance. (Id. at 3). For the following reasons, the motion is denied.

**II.     Legal Standard**

Joinder of defendants is proper where, as here, the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). The United States Supreme Court has also spoken clearly on this topic: "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). As such, severance of defendants properly joined under Federal Rule of Criminal Procedure 14 is only warranted when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence." Id. at 539.

Moreover, "[t]he presence of conflicting defenses alone does not require severance." United States v. Najjar, 300 F.3d 466, 474 (4th Cir. 2002) (citing Zafiro, 506 U.S. at 538). "The mere presence of hostility among defendants … or a desire of one to exculpate himself by inculpating another are insufficient grounds to require separate trials." Id. (citing United States v. Spitler, 800 F. 2d 1267, 1271 (4th Cir. 1986)). "There must be such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other, or that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." Najjar, 300 F.3d at 474 (citing Romanello, 726 F.2d 173, 177 (5th Cir. 1984) and United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978)).

The presumption of joinder is especially strong in conspiracy cases, such as this one. United States v. Duke, No. 3:16-cr-221-MOC, 2018 WL 5266852, at *6 (W.D.N.C. Oct. 23, 2018) (Cogburn, J.); United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992) (noting that motions to sever are "rarely granted" in conspiracy cases); United States v. Tedder, 801 F.2d

3

1437, 1450 (4th Cir. 1986) ("The gravamen of conspiracy is that each conspirator is fully liable for the acts of all coconspirators in furtherance of the conspiracy. Thus, joinder is highly favored in conspiracy cases, over and above the general disposition towards joinder for reasons of efficiency and judicial economy.")).

### III. Discussion

The circumstances of this case do not justify a severance. First, Gray and Lindberg properly charged in the same indictment. Moreover, the charges against the defendants are identical. Thus, there is no concern that there will be a "spillover" effect on a defendant charged with lesser crimes than his co-defendant. Additionally, Defendant Gray's purported concern about the potential for Lindberg to blame Gray for their conspiracy to bribe Commissioner Causey is an insufficient reason to sever the defendants and conduct two separate (and nearly identical) trials. Najjar, 300 F.3d at 474 (noting that one defendant blaming the criminal enterprise on another, and thereby forcing the jury to choose one defendant over the other, does not alone justify a severance); see also United States v. Smith, 44 F.3d 1259, 1266–67 (4th Cir. 1995) ("Because joint participants in a scheme often will point the finger at each other to deflect guilt from themselves or will attempt to lessen the importance of their role, a certain amount of conflict among defendants is inherent in most multi-defendant trials.").

In support of the motion to sever, Gray also argues that because Lindberg has been charged in a separate indictment with fraud, there is a basis to sever his trial from Lindberg's. The Court disagrees. To the extent that Gray argues that evidence of Lindberg's fraud allegations would prejudice Gray at trial, Gray will be allowed to challenge the admissibility of any such evidence at trial. In any event, Gray has not "satisf[ied] the burden of showing prejudice which will interfere with such defendant's constitutional right to a fair trial." United States v. Adoma,

4

No. 3:14-CR-00229-MOC, 2017 WL 220132, at *2 (W.D.N.C. Jan. 18, 2017), aff'd, 781 F. App'x 199 (4th Cir. 2019). Therefore, the Court denies the motion to sever.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant John Gray's Motion to Sever (Doc. No. 385) is **DENIED**.

Max O. Cogburn Jr.
United States District Judge