IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **KRISHNENDU DASGUPTA** | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 4:23CV838 |
| | § § | |
| **BECKETT COLLECTIBLES, LLC** | § § | |
| *Defendant.* | § § | |

**BECKETT COLLECTIBLES, LLC'S OBJECTIONS TO
PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

Defendant Beckett Collectibles, LLC ("Beckett") files its Objections to Plaintiff Krishnendu Dasgupta's ("Dasgupta" or "Plaintiff") Summary Judgment Evidence in accordance with Rule 56 of the Federal Rules of Civil Procedure, and in support thereof would show the Court as follows:

**A. Declaration of Krishnendu Dasgupta – Exhibit 1**

1. Beckett objects to Plaintiff's Exhibit 1 [Dkt. 30, Pl. App'x 003-7] on the basis of relevance, lack of foundation, improper lay witness testimony, hearsay, and under the sham affidavit doctrine. *See* Fed. R. Civ. P. 401-403, 701, 802, 901.

   a. *Sham Affidavit Doctrine*

2. Beckett objects to the entirety of Plaintiff's Exhibit 1, the Declaration of Krishnendu Dasgupta [Dkt. 30, Pl.'s App'x 003-7], under the Sham Affidavit Doctrine.

3. "It is well settled that the Fifth Circuit 'does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.'" *Equal Employment Opportunity Comm'n v. Modern Group, Ltd.*, No. 1:21-CV-451, 2024 WL

1

1288634, at *7 (E.D. Tex. Mar. 25, 2024). "Conflicts between deposition testimony and subsequent affidavits or declarations are resolved in favor of the deposition testimony unless the conflict is explained." *Id*.

4. "The inquiry, as a whole, is aimed at gleaning whether the later affidavit is 'so markedly inconsistent with the affiant's prior deposition as to constitute an obvious sham." *Id*. at *8. "If the court finds that an affidavit or sworn statement contradicts prior deposition testimony, it is properly excluded from consideration in connection with a motion for summary judgment." *Id*.

5. Here, Dasgupta states in his declaration, "Plaintiff's terminated [sic] had nothing to do with performance because Plaintiff was terminated just because Plaintiff was a member of the Noxx workforce being terminated as part of a reduction in force." Dkt. 30, Pl.'s App'x 006, ¶ 14. However, in Dasgupta's deposition, dated May 10, 2024, he confirms Beckett terminated him for cause. *See* Dkt. 32, Def.'s Mot. for Summ. Judg. Ex. 2, Dasgupta Depo. 62:3-9 ("Q: And so Beckett terminated you for cause. Is that Correct? A: Yes.").

6. Further, Dasgupta states in his declaration, that he asked for a reason for his termination from Beckett, but "no cause was alleged in the letter." Dkt. 30, Pl.'s App'x 006, ¶ 13. Yet, Dasgupta confirms in his deposition that Beckett informed him in his Termination Notice that he was being terminated for Cause "pursuant to section 5(a)(iii) and 5(e)(i) of the Agreement"; that Section 5(e)(i) contemplates termination due to "misconduct by or at the direction of the executive that is materially injurious, monetarily or otherwise"; and that Beckett was not required to provide the 20 day notice and cure period. *See* Dkt. 32, Def.'s Mot. for Summ. Judg. Ex. 2, Dasgupta Depo. 61:13-62:17.

28353307v3 92001.040.00

7. Thus, Dasgupta's declaration "contradicts prior deposition testimony" and therefore, "is properly excluded from consideration in connection with a motion for summary judgment." *See Modern Group, Ltd.*, 2024 WL 1288634, at *8.

   a. *Objections to Individual Paragraphs*

8. Even if this Court does not strike the entirety of Plaintiff's Exhibit 1 as a sham declaration, Beckett objects to the following purported testimony therein:

9. Paragraphs 4, 5, and 6 because Dasgupta lacks personal knowledge of Beckett's due diligence and its resulting "decisions" and/or "milestones." Beckett further objects to paragraph 4 as irrelevant. Specifically, Beckett's due diligence and ultimate decision to purchase NoXX is not relevant to any element of either Dasgupta's breach of contract claim or quantum meruit claim. Such facts are of no consequence in determining the action. *See* Fed. R. Evid. 401-02.

10. Paragraph 7 because Dasgupta's "deep dive" and agreement with Chris Batista ("Batista") regarding a "shortcut" to get NoXX live is irrelevant and not supported by the evidence. Specifically, Dasgupta's plan and agreement with Batista does not relate to any element of Dasgupta's breach of contract claim or quantum meruit claim. Such facts are of no consequence in determining the action. *See* Fed. R. Evid. 401-02.

11. Paragraph 8 because Dasgupta's alleged analysis of and opinions on the PlainSpoken Data Platform are not based on personal knowledge and irrelevant. Specifically, Plaintiff does not possess personal knowledge regarding Beckett's consideration of the PlainSpoken Data Platform nor Beckett's consideration of same. Further, such allegations have no bearing on any element of Dasgupta's breach of contract claim or quantum meruit claim and are of no consequence in determining the action. *See* Fed. R. Evid. 401-02. Moreover, Beckett objects

to paragraph 8 as hearsay. *See* Fed. R. Evid. 802. Dasgupta's statement that "after I left, Beckett terminated their new data platform" is an out of court statement offered for the truth of the matter asserted – *i.e.,* that Beckett ceased using the PlainSpoken Data Platform after Dasgupta's termination. [Dkt. 29, ¶ 3.08]. Dasgupta does not indicate how he obtained this information, but such information was necessarily acquired from some source after his employment was terminated and thus constitutes hearsay.

12. Paragraph 9 because Dasgupta's proposed "ideal technical organization and function" and resulting order to "stand down" is irrelevant. Specifically, such facts have no bearing on any element of Dasgupta's breach of contract claim or quantum meruit claim and are of no consequence in determining the action. *See* Fed. R. Evid. 401-02. Beckett further objects to paragraph 9 on the basis of hearsay. Specifically, the statements concerning Justin Richmond that "[h]e was a contractor with no Digital Product leadership experience. He was friends with the Board member who had recommended the bad data platform. He also worked at the data platform company" are out of court statements offered for the truth of the matter asserted – *i.e.,* that Justin Richmond possessed the experience, occupation, and "friends" stated. *See* Fed. R. Evid. 802; *see also* [Dkt. 29, ¶ 3.09]. Lastly, Beckett objects to Dasgupta's statement in paragraph 9 regarding the "bad data platform" as an improper lay opinion regarding the quality of the data platform utilized by Beckett. *See* Fed. R. Evid. 701.

13. Paragraph 10 because Dasgupta's statement that his "team still had things that needed to be done, so my team prioritized them to make sure things got done" is irrelevant. Specifically, such facts have no bearing on any element of Dasgupta's breach of contract claim or quantum meruit claim and are of no consequence in determining the action. *See* Fed. R. Evid. 401-02. Beckett further objects to paragraph 10 on the basis of hearsay. *See* Fed. R. Evid. 802. The

28353307v3 92001.040.00

statement "I was told that the team that supported the data of the expensive 'PlainSpoken Data Platform' was being let go on December 11, 2022" is an out of court statement offered for the truth of the matter asserted – *i.e.*, that the team supporting the PlainSpoken Data Platform was going to be let go on December 11, 2022. *See* Fed. R. Evid. 802; *see also* [Dkt. 29, ¶ 3.10].

14. Paragraph 11 because Dasgupta's statements that his "team was left using the new data system on their own" and that they "created some of their own data endpoints in that system to accomplish both their Beckett needs and milestone needs" are irrelevant. Specifically, such facts have no bearing on any element of Dasgupta's breach of contract claim or quantum meruit claim and are of no consequence in determining the action. *See* Fed. R. Evid. 401-02. Moreover, Beckett objects to paragraph 11 as hearsay. The statement "my team . . . being told by the person that was put in charge of it (he was a contractor at Beckett) that, 'The contractor won't be able to help us for some time'" is an out of court statement offered for the truth of the matter asserted – *i.e.*, that the contractor would not help Dasgupta's team for some time. *See* Fed. R. Evid. 802; *see also* Dkt. 29, ¶ 3.11.

15. Paragraph 12 because the amount of time worked by Dasgupta's team is irrelevant. Specifically, the fact that Dasgupta believes he and his team worked "feverishly (60-70 hour weeks) to get their product integrated with the new data system and on the Beckett platform" is not relevant to any element of Dasgupta's breach of contract or quantum meruit claims, and thus, is of no consequence in determining the action. *See* Fed. R. Evid. 401-02. Moreover, Beckett objects to the statement that Dasgupta's team "had already done an amazing amount of work trying to fix things that were Beckett problems" as lacking foundation and constituting improper lay opinion regarding the amount and quality of the work allegedly completed. *See* Fed. R. Evid. 701.

28353307v3 92001.040.00

16. Paragraph 13 because the fact that Dasgupta asked for a reason for his termination and the fact that Beckett allegedly stated they would send an email containing the reasoning is irrelevant because the Employment Agreement requires Plaintiff's termination to be communicated by a Notice of Termination that "shall indicate the specific termination provision in this Agreement relied upon." [Dkt. 30, Pl.'s App'x 010, § 5(a)]. The Employment Agreement does not require any further explanation or notice. Thus, such facts are not relevant to any element of Dasgupta's breach of contract claim or quantum meruit claim and are of no consequence in determining the action. *See* Fed. R. Evid. 401-02. Beckett further objects to the statement "This was an extreme shock to me and other executives" in paragraph 13 as lacking foundation and constituting speculation with respect to the alleged emotional reaction of the other executives to Dasgupta's termination.

17. Paragraph 14 as improper lay witness testimony of legal conclusions and opinions regarding the reason for his termination. *See* Fed. R. Evid. 701. Specifically, Dasgupta provides legal conclusions and opinions by stating that it is "obvious" from the January 3, 2023 letter that Beckett was continuing its reduction in work force and that Defendant decided to continue the reduction in work force by "scheduling the termination of the entire Noxx data management team, starting with myself since I was the highest paid at $250,000." Dkt. 29, ¶ 3.14. Beckett further objects to Paragraph 14 as contrary to the best evidence—the January 3, 2023 email—which does not state, anywhere, that there was a "reduction in force" nor that Plaintiff was the "highest paid," let alone as a reason for his termination. Beckett further objects to paragraph 14 as irrelevant because Plaintiff's Petition does not allege any wrongful termination, false pretense, or the like and Plaintiff cannot bring in new allegations at the summary judgment stage. *See Plain Green v. Bank of Am.*, N.A., No. 4:13CV92, 2013 WL 6178499, at *9 (E.D. Tex. Nov. 25, 2013). Thus,

such allegations do not relate to any element of Dasgupta's breach of contract claim or quantum meruit claim, and thus, is of no consequence in determining the action. *See* Fed. R. Evid. 401-02.

## CONCLUSION

For these reasons, Beckett respectfully requests that the Court sustain its objections to the summary judgment evidence offered by Plaintiffs, strike Plaintiff's Declaration of Krishnendu Dasgupta in its entirety, and grant Beckett such other and further relief to which it may be entitled.

Dated: July 24, 2024                                        Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone 214-265-3800
Facsimile 214-691-6311

**ATTORNEYS FOR DEFENDANT**

28353307v3 92001.040.00

## CERTIFICATE OF SERVICE

      I certify that on July 24, 2024, the foregoing document was served on all counsel of record via the Court's Electronic Filing System.

W.D. Masterson
KILGORE & KILGORE, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
Telephone: (214) 969-9099
Facsimile: (214) 953-0133
wdm@kilegorelaw.com
Attorneys for Plaintiff

                                       */s/ Abigail R.S. Campbell*
                                       Abigail R.S. Campbell

28353307v3 92001.040.00